FILED
AUG 3 1 2006
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKIE D. MITCHNER,

    Petitioner,

v.

TERRY McCANN,

    Respondent.

Case No. 05 C 2956

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Rickie Mitchner (hereinafter, "Mitchner") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting that his state court sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because he received consecutive sentences based upon facts not proved beyond a reasonable doubt to a jury. Mitchner also claims that the state court violated his due process rights by ruling on his post-conviction petition without notice and without the presence of his counsel. For the following reasons, his § 2254 Petition is **denied**.

### I. BACKGROUND

After pleading guilty to two counts of attempted murder, Mitchner received a thirteen-year prison sentence, which, pursuant to the parties' agreement, consisted of six- and seven-year terms that were to be served consecutively. The consecutive sentences were imposed pursuant to 730 ILCS 5/5-8-4(a), which mandates

consecutive sentences if the defendant is found to have inflicted severe bodily injury. The trial court found a factual basis for the guilty plea, and imposed the consecutive sentences based on the finding that Mitchner inflicted great bodily injury by stabbing his ex-wife and twelve-year-old son. Mitchner did not pursue a direct appeal after his conviction and sentencing.

On January 25, 2002, Mitchner filed an Application to Vacate Void Judgment in Illinois Circuit Court, in which he argued that his due process rights were violated under *Apprendi* because the consecutive sentences were based on facts not proved beyond a reasonable doubt to a jury. Mitchner's court appointed counsel did not appear in court on the date the ruling was issued, but instead filed a signed certificate with the court stating that she had reviewed Mitchner's petition and had nothing more to contribute. The trial court dismissed Mitchner's petition the same day.

Mitchner appealed, arguing that the circuit court dismissed the petition without proper notice and without the presence of his counsel. On December 30, 2004, the Illinois Appellate Court affirmed the dismissal in an unpublished order. The appellate court held that Illinois law allowed for a circuit court to rule on a motion to dismiss based on the petition and record before it. The court also held that the absence of Mitchner's counsel was not prejudicial and did not affect the ultimate disposition of his post-conviction petition because his underlying *Apprendi* claim was

frivolous. Mitchner petitioned for leave to appeal both the *Apprendi* claim and the due process claim to the Illinois Supreme Court, which was denied on March 30, 2005.

## II. **DISCUSSION**

Section 2254 of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") entitles a prisoner to a writ of habeas corpus if he is being held in prison pursuant to a state court judgment obtained in violation of rights guaranteed by the United States Constitution. 28 U.S.C. § 2254; *see Williams v. Taylor*, 529 U.S. 362, 375 (2000). A federal court may not grant a writ of habeas corpus for any claim that was adjudicated on the merits in state court proceedings, unless the state court decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) and (2); *see Ellsworth v. Levenhagen*, 248 F.3d 634, 638 (7th Cir. 2001). Additionally, a federal court may not address the merits of a claim contained in a habeas corpus petition unless the petitioner can show that he has exhausted his state remedies and avoided procedural default, which requires the petitioner to have presented his claims fully and fairly to the state courts. *See* 28 U.S.C. §

2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Bell v. Pierson,* 267 F.3d 544, 551 (7th Cir. 2001).

Mitchner raises two claims in his instant federal habeas petition: first, that the Illinois Circuit Court violated his due process rights by dismissing his post-conviction petition without a hearing and without the presence of his counsel; and second, that his consecutive sentences were imposed in violation of *Apprendi*.

As an initial matter, the State contends that Mitchner's *Apprendi* claim is procedurally defaulted because he did not specifically raise it before the Illinois Appellate Court. Notwithstanding this omission, however, the appellate court proceeded to rule upon the merits of his underlying *Apprendi* claim, dismissing it as frivolous on the grounds that consecutive sentences do not violate *Apprendi*. Thus, given that Mitchner's *Apprendi* claim received a complete round of review in the state courts, Mitchner is not procedurally defaulted from raising it in his federal habeas petition. See *O'Sullivan*, 526 U.S. at 842; *Perruquet v. Briley,* 390 F.3d 505, 513-14 (7th Cir. 2004).

On its merits, however, Mitchner's *Apprendi* claim still fails. It is well established that consecutive sentences are not implicated by *Apprendi*. *U.S. v. Hernandez,* 330 F.3d 964, 982 (7th Cir. 2003); *U.S. v. Noble,* 299 F.3d 907, 909 (7th Cir. 2002); see also *Garcia v. Bowen,* No. 03 C 6085, 2005 WL 2614852, at *14 (N.D. Ill. Oct. 12, 2005)(noting that both the Illinois and federal

courts have determined that *Apprendi* is not implicated in consecutive sentencing claims). Moreover, since Mitchner had voluntarily pled guilty, he is foreclosed from asserting any further challenges to the consecutive sentencing statute. *See, e.g., People v. Jackson*, 199 Ill. 2d 286, 769 (2002); *U.S. v. Sowemimo*, 335 F.3d 567, 570 (7th Cir. 2003). Therefore, Mitchner is not entitled to relief on his *Apprendi* claim.

Mitchner's remaining claim, that his due process rights were violated when the circuit court dismissed his petition without a hearing, must also be dismissed. First, to the extent that Mitchner asserts his due process rights under the U.S. Constitution, his claim is procedurally defaulted because he did not argue in any previous state court proceeding (nor could it be discerned from his filings) that his federal due process rights were violated. *See Perruquet*, 390 F.3d at 519-20.

Yet, even if his due process claim were not procedurally defaulted, any alleged error (and Mitchner has shown none) would have been harmless. *See, e.g., Aleman v. Sternes*, 320 F.3d 687, 689-90 (7th Cir. 2003). In other words, even if Mitchner were entitled to, and received, a hearing before the circuit court on his *Apprendi* claim, that claim would still have been denied because, as discussed above, it was wholly without merit.

In sum, the state court's ruling was neither contrary to, nor involved an unreasonable application of, clearly established

federal law. Accordingly, Mitchner's petition states no basis for federal habeas relief and must therefore be denied.

### III. CONCLUSION

For the reasons set forth herein, Mitchner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **denied**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　
Harry D. Leinenweber, Judge
United States District Court

Dated: August 31, 2006